IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 91-00285 RS |
| Plaintiff-Respondent, | **ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT** |
| v. | |
| CURTIS BLACKWELL JR., | |
| Defendant-Petitioner. | |
| _____/ | |

On September 17, 1992, petitioner plead guilty to three counts of bank robbery in violation of 18 U.S.C. § 2113 and one count of using a firearm in violation of 18 U.S.C. § 924(c). On January 4, 1993, the Court accepted the plea agreement and sentenced petitioner to a 357-month term of imprisonment. A notice of appeal was filed on January 14, 1993, and dismissed later that year.

Petitioner filed a first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 on July 6, 1995. That petition was dismissed for failure to state a claim for relief. On August 28, 2000, petitioner, proceeding *pro se*, filed a second petition for writ of habeas corpus, which was dismissed for failure to obtain the necessary permission to file such a petition from the Court of Appeals.

On April 27, 2004, petitioner filed a third § 2255 petition. That petition was denied on May 7, 2004, for failing once again to obtain the necessary certificate from the Ninth Circuit. On

1  June 25, 2004, the Court vacated its May 2004 order and issued an order to show cause as to why
2  the petition should not be granted, after finding that the April 2004 petition was more properly
3  characterized as an attempt by petitioner to reinstate his right to direct appeal of his sentence
4  rather than a collateral attack on his sentence. (Petn., App. A.) After receiving opposition from
5  the government and a reply from petitioner, the Court again dismissed petitioner's motion for
6  relief on February 4, 2005. Petitioner did not include a copy of this order with his current
7  motion. On February 23, 2005, the Court denied a certificate of appealability, finding that
8  petitioner had failed to make any showing of a violation of his constitutional rights.

9  Petitioner now brings a motion under Fed. R. Civ. Proc. 60(b) for relief, presumably from
10 the Court's February 4, 2005 judgment and/or its February 23, 2005 denial of a certificate of
11 appealability. In *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005), the Supreme Court held that
12 when a state prisoner attempts to present new claims for habeas relief or new evidence in support
13 of a claim already litigated under the guise of a Rule 60(b) motion, that motion should be treated
14 like a successive habeas corpus petition. "That is not the case, however, when a Rule 60(b)
15 motion attacks, not the substance of the federal court's resolution of a claim on the merits, but
16 some defect in the integrity of the federal habeas proceedings," such as an allegation "that the
17 federal courts misapplied the federal statute of limitations set out in § 2244(d)." *Gonzalez*, 545
18 U.S. at 533. The same rule applies to Rule 60(b) motions brought by federal prisoners to reopen
19 § 2255 proceedings. *U.S. v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011).

20 As an initial matter, petitioner seems to suggest that his motion is properly brought under
21 Rule 60(b) on the basis of some defect in the collateral proceedings. He attaches a copy of the
22 Court's February 23, 2005 order denying a certificate of appealability, which stated in part:

> This is yet another of many of petitioner's successive petitions. Petitioner has
> failed to make a showing in any of those cases, let alone a substantial showing, of
> any violation of his constitutional rights. Furthermore, his petitions have been
> denied because they were untimely having been filed many years after the statute
> of limitation had run pursuant to 28 U.S.C. section 2255.

Although this order notes that petitioner had filed successive petitions after the relevant statute of
limitations had run, the Court did not rest solely on procedural grounds. Instead, the court noted

that none of petitioner's prior cases presented a "substantial showing" of any constitutional violation.

Turning to the merits of the instant motion, petitioner seeks relief based on the Supreme Court's decision in *Maples v. Thomas*, 132 S.Ct. 912 (2012). Petitioner claims that his court-appointed attorney abandoned his direct appeal by allegedly failing to comply with the procedure established in *Anders v. California*, 386 U.S. 738 (1967). *Anders* held that the state defendant was denied fair procedure where his court-appointed appellate counsel prepared no brief but instead advised the court by letter that he found no merit in appeal. *Id.* at 742–43. More recently, the Supreme Court has held that in order to protect indigent defendants' constitutional right to appellate counsel, courts must safeguard against the risk of granting appellate counsel's request to withdraw or dispose of a case without filing a brief on the merits in cases in which the appeal is not actually frivolous. *See Smith v. Robbins*, 528 U.S. 259, 263–65 (2000) (citing *Anders v. California*, 386 U.S. 738 (1967)). The States are free to craft their own procedures to safeguard against this risk. *See id.* at 265.

Petitioner has not attached a copy of his direct appeal to the Ninth Circuit nor indicated how his appellate counsel's actions failed to comply with the procedure set forth in *Anders* and *Robbins*, much less risen to the level of abandonment addressed in *Maples*. Therefore, whether treated as a motion for relief under Rule 60(b) or as a new claim under § 2255, petitioner has failed to state a basis for relief. His motion must therefore be denied.

IT IS SO ORDERED.

DATED: 3/5/14

_____
RICHARD SEEBORG
United States District Judge